■ ZOLTAN STEIGER, Appellant, v. CITY OF NEW YORK, Respondent. CITY OF NEW YORK, Third-Party Plaintiff-Respondent, v. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Third-Party Defendant-Respondent. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Fourth-Party Plaintiff-Respondent, v. SICILIAN ASPHALT PAVING Co., Fourth-Party Defendant-Respodnent. CITY OF NEW YORK, Fifth-Party Plaintiff Respondent, v. CHARLES K. REHNER, Fifth-Party Defendant-Respondent. C. K. REHNER, INC., Sixth-Party Plaintiff-Respondent, v. HY GILLMAN CONTRACTING COMPANY, Sixth-Party Defendant-Respondent.— Order, Supreme Court, New York County,

entered June 16, 1972 denying plaintiff's motion to remove the action from the Civil Court to the Supreme Court, to increase the *ad damnum* clause of his complaint and for related relief, unanimously reversed, on the law, on the facts and in the exercise of discretion, and said motion granted, without costs and without disbursements. The claimed injuries arose when, on March 20, 1968, plaintiff was thrown from his motorcycle after it struck an unguarded hole. An action was commenced in Civil Court in April, 1969, predicated on the belief that plaintiff's injury consisted solely of a narrowing of the fifth lumbar invertebral space which indicated only the possibility of a disc injury. However, pain and related discomforts persisted, medical treatment continued and plaintiff's physician (a specialist in traumatic and general surgery) now opines, with a reasonable degree of medical certainty, that plaintiff sustained a permanent injury to his lumbar spine which is causally related to the accident. In view of such assertion, and since merit in the action and reason for the delay have been satisfactorily shown, we believe it was an abuse of discretion to have denied the relief requested. Concur — Markewich, J. P., Kupferman, Murphy, Steuer and Tilzer, JJ.